LILLIAN M. KENEASTER

*v.*

WILLIAM ERB et al.

---

WILLIAM ERB et al.

*v.*

LILLIAN M. KENEASTER and MATILDA T. LANDIS.

[Decided February 27th, 1914.]

1. In a suit by a trustee to quiet title, the *cestuis que trustent* were not necessary parties.

2. Where the owner of an undivided interest in land conveyed it by a deed purporting to convey an absolute title, the grantee acquired only such undivided interest notwithstanding the grantor's warranty, and another co-tenant could therefore maintain a suit for partition.

3. Where complainant's co-tenant conveyed a portion of the land owned in common to defendant, defendant in a suit against him for partition of the land so conveyed could not maintain a cross-bill to partition all of the land owned in common by his grantor and complainant.

On bill for partition. On final hearing on pleadings and proofs.

*Messrs. Bourgeois & Coulomb,* for the complainant.

*Mr. Charles K. Landis, Jr.,* for the defendants.

Lewis, V. C.

Richard T. Smith, at the time of his death, was seized in fee-simple of an undivided share in a large tract of land situate within the bounds of which is now Sea Isle City. He died about October 4th, 1901, and the complainant, by inheritance, became seized in fee-simple of an undivided five three hundred and ninety-seconds part of the whole of the lands mentioned, and about the year 1903 the entire right, title and interest in and to the lands above mentioned, excepting the interest of the complainant, became vested by purchase in Matilda Landis.

In the year 1905, Matilda Landis, alleging herself to be seized in fee-simple of the entire tract of land and premises aforesaid, filed her bill in this court to quiet her alleged title against the claim of the complainant's undivided interest aforesaid, and a decree was made in this court in favor of the complainant in this cause, and decreeing that as to said undivided interest her title was fixed and determined.

This decree was made September 24th, 1907. Notwithstanding this decree, however, on the 22d day of April, 1908, Matilda Landis conveyed, by deed, in fee, a part of the above-mentioned tract of land, including the lot involved in this partition suit, to one Edgar S. Ale. Ale conveyed the same tract to the Sea Isle City Realty Company, which company plotted it into lots, and on the 3d day of August, 1909, sold the lots involved in this partition suit to the defendant Erb.

After the bill had been filed originally for the partition of the land in question, Matilda Landis made a motion to compel the complainant to include in the bill of complaint all the lands, the title to which was settled by the decree in the suit to quiet title brought by Matilda Landis against Lillian M. Keneaster, and also to include Matilda T. Landis, executrix, as a party defendant. The motion was defended upon the ground that the land in the bill was all of the land held by the defendant Erb, and Mrs. Keneaster, as tenants in common; that Erb had no interest in any other land than that described in the bill of complaint, and Matilda T. Landis had no interest in the land described in the bill of complaint. This motion was heard before Chancellor Pitney, who filed an opinion that "if the grounds upon which this motion was based are well taken, the defendant can obtain the benefit of them by a cross-bill."

After the decree was entered on the above opinion, the defendant Erb filed an answer and cross-bill, making Matilda T. Landis a party to the cross-bill, and bringing into the case all of the land owned by Matilda T. Landis, but not bringing in the land sold by Matilda T. Landis to Edgar S. Ale, and by Edgar S. Ale to the Sea Isle City Realty Company.

A motion was made to strike out this cross-bill because it did not include all of the land in which the complainant, Keneaster, had an interest. The motion was refused because it did not appear from the pleadings that there was any land other than that contained in the bill and cross-bill. In other words, it was a question of fact whether or not all of the land was included, and therefore the question cannot be solved upon a preliminary motion.

Upon the overruling of the complainant's motion to strike out this cross-bill, the complainant filed her answer to the cross-bill setting up the same defences.

When the case came on for trial, the testimony showed, first, that the original tract of land was approximately five hundred acres; that the portion of it sold to Edgar S. Ale and by Edgar S. Ale to the Sea Isle City Realty Company, a portion of which was sold by the realty company to defendant Erb, consisted of approximately one hundred acres.

The defendant Erb seeks to have the whole proceedings dismissed, upon the ground that the decree in the suit to quiet title was improperly entered because Miss Landis was trustee, and the *cestuis que trustent* were not made parties to that proceeding.

My conclusion as to that is, that they were not necessary parties. *Sweet* v. *Parker, 22 N. J. Eq. 456; New Jersey Franklinite Co.* v. *Ames, 12 N. J. Eq. 507.*

The defendants also claim that the complainant has no right to a partition of the land held by Mr. Erb because Mr. Erb's title is not that of a co-tenant, but that he had an absolute title to the lands in question, and because the deed did not express that he held any co-tenancy, or that he got an undivided interest.

It is my opinion that Matilda Landis could only convey what she had; she only had an undivided interest, and she conveyed the whole of her interest in that particular portion of the land, and she has no further interest in the land conveyed to Erb, and whatever obligation she may be chargeable with upon her warranty would not change the situation with respect to Mrs. Keneaster's interest in the property.

I have decided that the defendant who filed the cross-bill to partition the four hundred acres has no standing to bring a partition suit before the court of chancery, having himself no ownership in that portion of the property, and, therefore, by an order, the cross-bill be dismissed.

My conclusion is, that the original complainant had standing before the court to require a partition of the property mentioned in the original bill. and that such partition should be made; and the testimony having shown that the land is incapable of partition, that a sale of the land should be made, and upon application of counsel an order of sale can be made.